Case 4:21-cv-00310   Document 1-4   Filed on 01/30/21 in TXSD   Page 1 of 7

1/28/2021 10:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50117854
By: Iliana Perez
Filed: 1/28/2021 10:19 AM

CAUSE NO. 2020-84036

| | | |
|---|---|---|
| GEORGE GANDAR, | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WERNER ENTERPRISES, INC. | § | 129TH JUDICIAL DISTRICT |

**DEFENDANT WERNER ENTERPRISES, INC.'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant WERNER ENTERPRISES, INC. (hereinafter referred to as "Defendant") and files this Original Answer and would show the following:

**I.
GENERAL DENIAL**

Defendant generally denies every allegation raised by Plaintiff. TEX. R. CIV. P. § 92. Plaintiff must carry her burden of proof on all claims, by the preponderance of the evidence or by clear and convincing evidence, as Texas law requires.

**II.
PLAINTIFF'S CONTENTIONS**

Defendant asserts that the accident made the basis of this suit did not occur in the fashion or manner in which Plaintiff has alleged.

**III.
COMPARATIVE FAULT**

Defendant states that on the occasion in question, Plaintiff failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure proximately caused the accident and his alleged damages, if any.

Defendant pleads and invokes the proportionate responsibility provisions of Chapters 33.001

1



Certified Document Number: 94136883 - Page 1 of 6

*ET seq*, TEX. CIV. PRAC. & REM. CODE, and states that Plaintiff's recovery, if any, should be reduced or denied pursuant to these provisions.

## IV.
## SOLE PROXIMATE CAUSE

Pleading additionally, or in the alternative, the acts and/or omissions of Plaintiff were the sole proximate cause of the accident in question and the alleged injuries.

## V.

Defendant denies that Plaintiff's injuries and/or damages, if any were caused by the accident in question.

## VI.
## FAILURE TO MITIGATE DAMAGES

Pleading additionally, or in the alternative, Defendant contends Plaintiff failed to mitigate his damages. Plaintiff's damages were caused or exacerbated due to Plaintiff's failure to mitigate.

Defendant further pleads that if Plaintiff has in fact suffered any damage as a result of the alleged wrongful acts and/or omissions on the part of any other party to this suit, which is expressly denied, Plaintiff failed to mitigate his damages and is therefore barred from recovering same. Defendant specifically pleads that Plaintiff failed to mitigate his damages by failing to:

1. complete the course of treatment as prescribed by his various health care professionals;
2. follow medical advice and/or directions and/or instructions as given by his various health care professionals;
3. obtain and/or pursue proper medical treatment to promote recovery of Plaintiff's alleged injuries;
4. cooperate fully with his respective health care professionals; and

2

Certified Document Number: 94136883 - Page 2 of 6

5. accurately provide information to his health care professionals.

## VII.
## FAILURE TO MITIGATE – HEALTHCARE EXPENSES

To the extent that Plaintiff had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by Section 146.001(1), TEX. CIV. PRAC. & REM. CODE, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the medical and/or healthcare expenses allegedly incurred by Plaintiff in connection with the incident in question and/or the injuries allegedly resulting therefrom, Defendant would show that Plaintiff failed to mitigate his alleged damages by failing to submit such healthcare expenses to his insurance carrier and/or other health benefit plan and/or by failing to timely inform his health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to Plaintiff's insurer(s) and/or health benefit plan.

Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill his insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 146.001, *et seq*. ("Certain Claims by Health Care Service Providers Barred").

## VIII.
## WAGES TAXABLE

To the extent Plaintiff seeks recovery of lost wages or loss of earning capacity, Defendant invokes Section 18.091, TEX. CIV. PRAC. & REM. CODE, and requests that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid

3

Certified Document Number: 94136883 - Page 3 of 6

tax liability. Defendant further requests the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## IX.
## PAID VS. INCURRED

To the extent Plaintiff's medical expenses exceed the amount actually paid by Plaintiff or on Plaintiff's behalf, Defendant asserts that Plaintiff's recovery of medical expenses is limited by Section 41.0105, TEX. CIV. PRAC. & REM. CODE. The recovery of medical or healthcare expenses incurred by Plaintiff is limited to the amount actually paid by or on behalf of the Plaintiff as more specifically set forth in such statute. Moreover, "only evidence of recoverable medical expenses is admissible at trial." *Haygood v. Escobedo*, 356 S.W.3d 390, 399 (Tex. 2011).

## X.
## PRE-EXISTING OR SUBSEQUENT CONDITION

Pleading additionally, or in the alternative, Defendant states that Plaintiff's alleged injuries occurred either prior or subsequent to the accident made the basis of this suit.

## XI.
## NO DUTY

Defendant denies that they owed and/or breached any legal duty allegedly owed to the Plaintiffs.

## XII.
## NO PROXIMATE OR PRODUCING CAUSE

Defendant denies that the acts or omissions attributed to Defendant by Plaintiffs were the producing or proximate cause of either the accident in question or the alleged injuries and damages.

## XIII.
## LIMITATION OF LIABILITY UNDER CHAPTER 33, TEX. CIV. PRAC. & REM. CODE

Defendant invokes Section 33.013, TEX. CIV. PRAC. & REM. CODE, and state that they cannot

Certified Document Number: 94136883 - Page 4 of 6

be held liable for any amount beyond that percentage of responsibility, if any, allocated to them by the trier of fact.

## XIV.
## PHYSICIAN FEE SCHEDULE

Notice is hereby given to the Plaintiff that at trial Defendant intends to use the Medicare Physician Fee Schedule prepared by the Centers for Medicare & Medicaid Services, a federal agency within the U.S. Department of Health and Human Resources.

## XV.
## RIGHT TO AMEND

Pleading additionally, or in the alternative, Defendant reserves its right to amend its answer following further discovery in this cause and as allowed by Texas law.

## XVI.
## JURY REQUEST AND PAYMENT

Pursuant to Tex. R. Civ. P. 216, Defendant requests a trial by jury. Payment for the jury fee has been previously paid.

## XVII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant WERNER ENTERPRISES, INC. prays that Plaintiff takes nothing by its suit against Defendant, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**BAIRHILTY, P.C.**

*/s/ Amanda S. Hilty*

_____
Amanda S. Hilty
TBN: 09683030
14711 Pebble Bend Drive
Houston, Texas 77068-2923
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
Email: ahilty@bairhilty.com
**ATTORNEY FOR DEFENDANT
WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Defendant's Original Answer has been forwarded to all known counsel of record, pursuant to the Texas Rules of Civil Procedure via e-service, e-mail, certified mail, return receipt requested and/or via facsimile transmission on this the 28th day of January, 2021.

Terry Bryant
Gregg Anderson
Terry Bryant PLLC
8584 Katy Freeway, Suite 100
Houston, Texas 77024

*/s/ Amanda S. Hilty*

_____
Amanda S. Hilty

Certified Document Number: 94136883 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 28, 2021

Certified Document Number:    94136883 Total Pages:  6

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**